**B1040 (FORM 1040) (12/15)**

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| **PLAINTIFFS**<br>CHRISTINE BIROS | **DEFENDANTS**<br>SHANNI SNYDER | FILED<br>12/30/2022 2:12 AM<br>CLERK<br>U.S. BANKRUPTCY<br>COURT - WDPA |
|---|---|---|

| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>William Otto Esq. PO Box 701<br>Murrysville PA 15668<br>724-519-4211 | **ATTORNEYS** (If Known)<br>14390 Route 30<br>Irwin PA<br>15642 |
|---|---|

| **PARTY** (Check One Box Only)<br>☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☒ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor  ☐ Other<br>☐ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

This is an action to enjoin Shanni Snyder from taking action on the causes of action she bought in In re U Lock, 22 20823, Entry 254 by Judge Taddonio on December 20, 2022.

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
[2] 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
[3] 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
[4] 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
[1] 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

**B1040 (FORM 1040) (12/15)**

This relates to more U Lock but also relates to In re Shanni Snyder

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR<br>In re U Lock<br>In re Shanni Snyder | | BANKRUPTCY CASE NO. Case 22-20823<br>Case 18-21983 ||
| DISTRICT IN WHICH CASE IS PENDING<br>W.Pa/ | | DIVISION OFFICE | NAME OF JUDGE<br>Taddonio/Bohm |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** ||||
| PLAINTIFF<br>SHANNI SNYDER | DEFENDANT<br>CHRISTINE BIROS | | ADVERSARY PROCEEDING NO.<br>22-2052 (lien priority) |
| DISTRICT IN WHICH ADVERSARY IS PENDING | | DIVISION OFFICE | NAME OF JUDGE<br>Taddonio |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>*Shanni S Snyder* ||||
| DATE<br>12/30/2022 | | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>SHANNI SNYDER ||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTINE BIROS, ) | Adv. No. |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| SHANNI SNYDER, ) | |
| ) | |
| Defendant. ) | |
| ------------------------------------------) | |
| **RELATED TO:** ) | |
| ) | |
| In re: U Lock, Inc. ) | Case. 22-20823 |
| Debtor. ) | |
| ) | |
| **-and-** ) | |
| ) | |
| In re: Shanni Snyder, ) | Case: 18-21983 |
| Debtor. ) | |

## NOTICE OF REMOVAL

AND NOW comes Shanni Snyder ("Snyder") and files the following Notice of Removal:

1. Snyder removes to this Honorable Court the case of *Christine Biros v. Shanni Snyder*, No. 4763 of 2022 before the Court of Common Pleas of Westmoreland County, Pennsylvania, filed on December 21, 2022 ("the State case").

2. Snyder is entitled to remove the State case to this Court pursuant to 28 U.S.C. §1452, 28 USC §1441, 28 U.S.C. §1334, F.B.R.P. 9027, other statutes and rules that can be identified in an amended Notice of Removal if necessary. The Removal is timely in accordance with F.R.P.B. 9027(a)(2).

3. This is a core proceeding with jurisdiction vested in this Bankruptcy Court pursuant to 28 USC 157(a) as a proceeding "related to a case under title 11" that was referred to the bankruptcy judges for this district, 28 USC 157(b)(1) as the suit includes issues that are "core" to the *In re: U Lock* and the *In re: Shanni Snyder* cases. In addition, this Court maintains jurisdiction pursuant to 11 USC 362(k) and 11 USC 105(a).

4. This Court, not the state court, has exclusive jurisdiction to determine whether Snyder maintains the right to file Chapter 5 causes of action sold to her in the *U Lock* case. 28 USC 157(b)(E), (F), and (H). Moreover, this Court, not the state court, has exclusive jurisdiction to determine the validity, extent, or priority of Snyder's lien.

5. This Court, not the state court, has the exclusive jurisdiction to determine whether the Order and Opinion cited at paragraph 9 of the State case is *void ab initio* by virtue of it being the progeny of the Order entered by that court which was declared void by Bankruptcy Judge Taddonio on September 1, 2022 at Entry 143 of the *U Lock* case.

6. The case seeks to enjoin Snyder from making claims or initiating litigation despite the Bankruptcy Court on December 20, 2022, approving the sale of the causes of action, including the Chapter 5 rights of Trustee Robert Slone in the *U Lock* case. In the *U Lock* case, this Court specifically stated it would maintain jurisdiction over the causes of action that Snyder

could pursue as assignee of Trustee Robert Slone. *See* Entry 254 of the *U Lock* case. The State action seeks to enjoin the Bankruptcy Court in contravention of 11 USC 105(a).

7. The filing of the case wilfully violates the automatic stay in the *Shanni Snyder* case and may violate the automatic stay in the *U Lock* case. 11 USC 362.

8. The Plaintiff knew, or should know, that Trustee Charles Zebley is an indispensable party to this type of action.

9. Simply put, under 28 U.S.C. §1334 a proceeding is 'related to' a bankruptcy proceeding if the 'outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy.'" *Nuveen Mun. Trust ex rel. Nuveen High Yield Mun. Bond Fund v. WithumSmith Brown P.C.,* 692 F.3d 283, 293-94 (3d Cir. 2012)(quoting Pacor Inc. v. Higgins, 743 F.2d 984, 994 (3d. Cir, 1984)).

10. In compliance with F.R.B.P. Rule 9027(a)(1), a docket sheet for the Case is attached hereto as EXHIBIT A and all docketed pleadings filed in the Case are attached hereto as EXHIBIT B.

11. To the extent the proceeding or parts thereof is non-core, Snyder consents to the entry of final orders or judgments by the Bankruptcy Court.

WHEREFORE, Shanni Snyder hereby removes this action from the Court of Common Pleas of Westmoreland County, Pennsylvania, to the United States Bankruptcy Court for the Western District of Pennsylvania.

Respectfully submitted,

*Shanni S Snyder*
_____
Shanni Snyder
14390 Route 30
North Huntingdon PA  15642
412-368-2580

DEFENDANT

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTINE BIROS, | ) | Adv. No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| SHANNI SNYDER, | ) | |
| | ) | |
| Defendant. | ) | |
| —————————————————— | ) | |
| **RELATED TO:** | ) | |
| | ) | |
| In re: U Lock, Inc. | ) | Case. 22-20823 |
| Debtor. | ) | |
| | ) | |
| **-and-** | ) | |
| | ) | |
| In re: Shanni Snyder, | ) | Case: 18-21983 |
| Debtor. | ) | |
| ——————————————————— | ) | |

**CERTIFICATE OF SERVICE**

I, Shanni Snyder, hereby certify that I mailed a true copy of the foregoing to the following persons on December 30, 2022:

William Otto, Esq. (Christine Biros)
PO Box 701
Murrysville PA 15668

Hon. Harry Smail
Judge, Court of Common Pleas
2 N Main Street
Greensburg PA 15601

Prothonotary, Court of Common Pleas
2 N Main Street #501
Greensburg PA 15601

Charles O Zebley, Esq.
18 Mill St
Uniontown, PA 15401

Respectfully submitted,

*Shanni S Snyder*
—————————————